1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

**United States District Court**
For the Northern District of California

| | |
|---|---|
| 11  JAMES E. BOWELL,                    ) | No. C 06-02836 JW (PR) |
| 12              Plaintiff,              ) | |
| 13       vs.                           ) | ORDER DENYING MOTION FOR EMERGENCY ORDER |
| 14  GOV. SCHWARZENEGGER, et al.,        ) | |
| 15              Defendant(s).          ) | (Docket No. 4) |
| 16  _____) | |
| 17 | |

18          Plaintiff, a prisoner at the Salinas Valley State Prison ("SVSP"), has filed a

19  pro se civil rights complaint under 42 U.S.C. § 1983.  Plaintiff seeks an emergency

20  order of transfer to a federal holding detention center and a temporary restraining

21  order ("TRO")/ preliminary injunction not to be double-celled.  (Docket No. 4)

22          Plaintiff's request for a transfer to a federal holding detention center

23  is DENIED because it is well-established that prisoners have no constitutional right

24  to incarceration in a particular prison.  See Olim v. Wakinekona, 461 U.S. 238, 244-

25  48 (1983).  Plaintiff's motion for a TRO/preliminary injunction is DENIED without

26  prejudice for failure to satisfy the requirements of Federal Rule of Civil Procedure

27

28  Order Denying Motion for Emergency Order
    P:\PRO-SE\SJ.JW\CR.06\Bowell02836_deny injunction.wpd

65.  Prior to granting a preliminary injunction, notice to the adverse party is required.  Fed. R. Civ. P. 65(a)(1).  A motion for preliminary injunction therefore cannot be decided until the parties to the action are served, and they have not yet been served here.  See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983).  A TRO may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (plaintiff himself in this case, as he proceeds pro se) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.  Fed. R. Civ. P. 65(b).  Plaintiff has not satisfied both requirements.

This order terminates Docket No. 4.  The Court will address the merits of plaintiff's amended complaint, filed March 28, 2007, in a separate order.

DATED:   June 7, 2007

JAMES WARE
United States District Judge

Order Denying Motion for Emergency Order
P:\PRO-SE\SJ.JW\CR.06\Bowell02836_deny injunction.wpd        2